IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-02604-CMA-KLM

MARTINES PALMERIO CONSTRUCTION, LLC, a Colorado limited liability company,

　　Plaintiff,

v.

THE SOUTHWEST REGIONAL COUNCIL OF CARPENTERS,
THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, a foreign non-profit corporation, and
MACHINERY ERECTORS LOCAL 1607,

　　Defendants.

## ORDER GRANTING PLAINTIFF'S RENEWED MOTION TO REMAND

This matter is before the Court on Plaintiff Martines Palmeiro Construction, LLC's ("MPC") Renewed Emergency Motion to Remand. (Doc. # 32.) Because MPC's Amended Complaint raises only a state law trespass claim, this Court no longer has jurisdiction and accordingly grants the motion and remands the case to state court.

### I.　　BACKGROUND

On October 30, 2017, Defendants Southwest Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America, and Millwright Erectors Local 1607 (Defendants, collectively) removed this lawsuit from the Denver District Court on grounds that the second claim in MPC's Complaint (Doc. # 1-1) was completely preempted by federal law. (Doc. # 1.) MPC disagreed and filed an Emergency Motion

to Remand. (Doc. # 6.) After briefing, the Court denied MPC's motion and held that MPC's second claim for relief—tortious interference with contract—was completely preempted by § 303 of the Labor Management Relations Act. (Doc. # 22.)

MPC then moved for a hearing on its pending motion for a preliminary injunction. (Doc. # 25.) In lieu of a preliminary injunction hearing, the Court set the matter for a status conference. (Doc. # 28.) At the status conference, MPC advised that it intended to amend its Complaint to remove its claim for tortious interference with contract. Concerned that such an amendment would strip this Court's federal jurisdiction, the Court declined to enter a preliminary injunction pending the filing of said complaint.

Shortly thereafter MPC filed an Amended Complaint (Doc. # 31). MPC indeed removed the tortious interference with contract claim and all associated allegations. The Amended Complaint contains only a state law claim for trespass and a related request for injunctive relief. (*Id.* at 4–5.)

MPC subsequently filed a Renewed Motion to Remand, contending that this Court no longer has any basis to exercise federal jurisdiction over its only remaining state law claim. (Doc. # 32.) On December 18, 2017, Defendants filed a Brief in Opposition to Remand, arguing that, in substance, MPC's Amended Complaint still argues its tortious interference claim and that the Court should therefore continue to exercise jurisdiction over this case. (Doc. # 35). The Court disagrees with Defendants and finds remand appropriate.

## II. LAW

Federal district courts have limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005). This case was removed based on the existence of a federal question under 28 U.S.C. § 1331. Section 1331 provides that "[t]he district courts shall have original Jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal question is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded Complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). Thus, federal question jurisdiction will lie only if the complaint pleads a federal cause of action. *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808 (1986); *Louisville & Nashville Railroad v. Mottley,* 211 U.S. 149 (1908).

"[A] court [must] deny jurisdiction in all cases where jurisdiction does not affirmatively appear on the record." *Colorado v. Lewis*, Civil No. 08-cv-01612-LTB-KLM, 2008 WL 5423358, at *2 (D. Colo. Dec. 30, 2008) (citations omitted). Defendants, as the parties invoking federal jurisdiction, bear the burden of proving that such jurisdiction exists. *Tafoya v. Amer. Family Mut. Ins. Co.*, Civil Action No. 08-cv-01656-MSK-MEH, 2009 WL 211661, at *2 (D. Colo. Jan. 28, 2009).

## III. ANALYSIS

MPC's Amended Complaint raises only a state law claim for trespass and a corresponding request for injunctive relief. Absent circumstances not present here, this

3

Court does not have jurisdiction over state law claims and a remand is clearly warranted. Defendants nonetheless argue that the Amended Complaint contains allegations "well-beyond a mere trespass claim" making it clear that MPC is still pursuing a tortious interference claim "camouflaged in 'trespass' clothing." (*Id.* at 2–3.)

The Court disagrees. MPC removed at least twenty paragraphs from its initial Complaint—expressly excising its tortious interference claim and all associated allegations. The Amended Complaint no longer alleges secondary boycott activities, accuses Defendants of harassing and intimidating subcontractors, or asserts that Defendants are interfering with MPC's contracts on those bases. It instead lodges, in form and substance, only state law trespass allegations—allegations over which this Court has no jurisdiction.

Defendants' attempt to defeat remand by referencing select words and phrases is unavailing. Indeed, "the true construction of an instrument . . . cannot be ascertained by lifting a single phrase, sentence or even paragraph out of its natural setting and considering it alone. The instrument must be considered and construed as a whole, and only in that way can its true intent and import be ascertained." *Kasishke v. Keppler*, 158 F.2d 809, 811 (10th Cir. 1947).

Defendants do not construe the Amended Complaint as a whole. They instead highlight various sentences out of context, arguing that they are irrelevant or insufficient to support MPC's state law trespass claim and injunction request. Although such arguments may undermine the merits of MPC's case, they do not provide reasons to support federal jurisdiction. Likewise, the Court rejects Defendants' contention that the

Amended Complaint's reference to MPC's cease and desist letter shows that MPC is truly pursuing its tortious interference with contract allegations. MPC wrote the cease and desist letter well before it commenced this litigation and it is not, therefore, an accurate reflection of MPC's true intentions with respect to this lawsuit, particularly considering that the Amended Complaint does not contain any tortious interference with contract allegations. To the extent Defendants are arguing that the letter is irrelevant or otherwise excludable, that is an evidentiary matter of no import at this stage in the litigation.

Accordingly, construed as a whole, the Court finds that the true intent and import of MPC's Amended Complaint is to stop Defendants' alleged trespass on the subject property. This Court's subject-matter jurisdiction has accordingly been stripped and the case must be remanded to state court.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS MPC's Renewed Motion to Remand (Doc. # 32) and REMANDS this case to the Denver District Court.

DATED:  December 20, 2017                    BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge